United States District Court
Southern District of Texas
**ENTERED**
July 24, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS LEVAIL MURPHY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-3775 |
| | § | |
| ERIC GUERRERO, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

On June 30, 2026, this Court denied Marcus Levail Murphy's petition for a writ of habeas corpus. Murphy now moves to alter or amend the judgment under Rule 59 of the Federal Rules of Civil Procedure. For the following reasons, the motion is denied.

## I.   The Rule 59 Standard

A motion to alter or amend under Fed. R. Civ. P. 59(e) "must clearly establish either a manifest error of law or must present newly discovered evidence." Schiller v. Physicians Resource Grp., Inc., 342 F.3d 563, 567 (5th Cir. 2003)(internal quotation marks omitted). "Relief under Rule 59(e) is also appropriate where there has been an intervening change in

controlling law."  Id.

## II.  **Analysis**

Among the claims for relief addressed by this Court was Murphy's claim that his counsel rendered ineffective assistance by failing to retain a DNA expert. In rejecting this claim, the Court stated: "For a claim of uncalled witnesses to be meritorious, a habeas petitioner must show: (1) the testimony of the uncalled witnesses would have been favorable to him, and (2) the uncalled witness would have so testified during the proceeding.  Alexander v. McCotter, 775 F.2d 595, 605 (5th Cir.1985)."  Murphy now argues that he was not raising an issue of uncalled witnesses, but a claim under Ake v. Oklahoma, 470 U.S. 68 (1985).

In Ake, the Supreme Court held that due process requires a state to provide a defendant with access to expert psychiatric assistance in a capital prosecution if the State is using psychiatric evidence against the defendant.  Assuming for purposes of this analysis that Ake applies to this case, Murphy nonetheless fails to identify grounds for relief.

Murphy concedes that the trial court provided $15,000 for him to retain a DNA expert, but complains that his counsel failed to do so.  Therefore, this is not an Ake issue – the

2

State provided access to the expert – but an ineffective assistance of counsel issue. The Court analyzed and rejected the claim under the appropriate standard, and Murphy fails to demonstrate any error by the Court.

Murphy also expresses his disagreement with this Court's denial of a certificate of appealability. His mere disagreement, however, does not demonstrate manifest error in that denial.

For the foregoing reasons,, Murphy's motion to alter or amend the judgment (Docket Entry No. 20) is **DENIED.**

### III. Certificate of Appealability

A Certificate of Appealability ("COA") may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). The Supreme Court has stated that:

3

Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This Court has carefully considered Murphy's motion.  The Court finds that reasonable jurists would not find it debatable that Murphy fails to demonstrate manifest error in this Court's denial of his petition.  The Court  therefore concludes that Murphy is not entitled to a certificate of appealability.

## IV.  Conclusion and Order

For the foregoing reasons, the Motion to Alter or Amend the Judgment is **DENIED.**  No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Order.

**SIGNED** at Houston, Texas, on this the 24th day of July, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

4